Mary McGINTY, as Administratrix of the Estate of Maureen Nash, and James Nash, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

State of NEW YORK, New York State and Local Employees Retirement System, and New York State Department of Taxation and Finance, Defendants.

No. 96–CV–1679 (LEK/RWS).

United States District Court, N.D. New York.

Jan. 10, 2000.

Kingsley and Towne, P.C., Albany, New York; for plaintiffs, James T. Towne, Jr., of counsel.

Butler, Fitzgerald & Potter, NY City; for plaintiffs, Stuart Potter, of counsel.

Hon. Dennis C. Vacco, Attorney General of the State of New York, Department of Law, Albany, NY; for defendants, Robert A. Siegfried, Asst. Attorney General, of counsel.

## MEMORANDUM–DECISION AND ORDER

KAHN, District Judge.

In this action, plaintiffs allege violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"), as amended by the Older Workers Benefit Protection Act of 1990 ("OWBPA"), Pub.L. 101–433, Title I, § 103, 104 Stat. 978 (Oct. 16, 1990). Previously, this Court granted defendants' motion to dismiss for lack of jurisdiction, based on the Court's conclusion that plaintiff's claim, insofar as it was based on alleged discrimination in the payment of death benefits, was moot, and that plaintiffs did not have standing to bring a collective action for discrimination in disability benefits. Having dismissed the action, the Court also denied plaintiff's various outstanding motions.

On appeal, the Second Circuit reversed. It concluded that the action was not moot, and also rejected defendants' assertion that they were immune to suit in federal court pursuant to the Eleventh Amendment. It remanded for reconsideration of the propriety of plaintiffs' disability benefits collective action and of plaintiffs' motions.

However, an intervening Supreme Court decision, *Kimel v. Florida Board of Regents, et al.,* —— U.S. ——, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000), has critically changed the applicable law. In *Kimel*, the Supreme Court held, contrary to the Second Circuit's decision in the instant action, that the ADEA did not effectively abrogate the States' sovereign immunity, and that claims based on the ADEA may therefore not be raised against States in federal court.

■ This immunity, which deprives this Court of subject matter jurisdiction, is

dispositive of the pending action. Further, there is no need to await a formal motion to dismiss by the defendants, since sovereign immunity may be raised by the courts *sua sponte*. *Mixon v. State of Ohio*, 193 F.3d 389, 396 (6th Cir.1999).

Accordingly, it is hereby

ORDERED that the action is DISMISSED for lack of subject matter jurisdiction because of the defendants' sovereign immunity; and it is further

ORDERED that the Clerk serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.